UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robbie Ritchie, #3037 | ) | C/A No. 4:09-803-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | to dismiss two defendants |
| | ) | |
| Just Care Inc.; | ) | |
| Columbia Care Center; | ) | |
| Tull Gerrold, owner of privately owned hospital; | ) | |
| Mr. Wyatt, director of hospital; | ) | |
| Dr. Harden, *a/k/a Hardin*, Head Doctor; | ) | |
| Dr. Darby; | ) | |
| All Nurses on First Shift; | ) | |
| Nurse Sup. Capers, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This *pro se* plaintiff alleges that he is detained in the Columbia Care Center, which is a part of Just Care, Inc. The plaintiff filed this action pursuant to 28 U.S.C. § 1915. Liberally construed, he brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that certain defendants have been deliberately indifferent to his serious medical need. The plaintiff seeks money damages and injunctive relief. The defendants "Columbia Care Center" and "All Nurses on First Shift" should be dismissed for failure to state a claim on which relief may be granted.[1]

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon*

---

[1] Contemporaneously with this Report and Recommendation, the court enters an Order for service of process upon the six other named defendants.

*v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, a portion of the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely

2

presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The plaintiff alleges that in May or June of 2008, he suffered a neck injury and thereafter has had problems with his arm and shoulder. He alleges that the defendants permitted him to visit an orthopaedic doctor outside the facility who treated the plaintiff in August 2008 and advised him that he may need to return. The plaintiff alleges that he has complained since September 2008 to all of the defendants that he needs treatment again for his arm and shoulder, but he alleges that the defendants will not attend to him. Certain defendants have ignored his letters to them. He further alleges that the nurses have lied to him by advising him that he is scheduled to see a doctor but then it does not happen. He seeks damages for pain and suffering and injunctive relief to get the treatment he needs to repair his shoulder.

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The named defendant "Columbia Care Center" is not a "person" subject to suit in a § 1983 civil rights action. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a Section 1983 action must qualify as a "person." The defendant "Columbia Care Center" is a department, group of buildings, or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, the named defendant "All Nurses on First Shift" is too general and vague for the court to know to whom plaintiff is referring when he names this defendant. Also, there is no way to serve such unnamed individuals with notice of this action.[2] *Johnson v. Nelson*, No. 1:06-CV-145(WLS), 2008 WL 2123756 (M.D. Ga. May 16, 2008) (dismissing the Autry State Medical Staff Provider from the action and noting that "[p]laintiff has named the Autry State Prison Medical Staff Provider as a defendant. However, there is no way for the Court to know to whom plaintiff is referring when he names this defendant; and there is no way to serve such unnamed individual or individuals with notice of this action."). Accordingly, the plaintiff failed to state a claim on which relief may be granted for defendants "All Nurses on First Shift" and "Columbia Care Center."

---

[2] The "All Nurses on First Shift" party is dismissed without prejudice in case the plaintiff desires to name a more specifically identified nurse.

Notably, the plaintiff suggests that he may be trying to represent other patients in the Columbia Care Center or to bring this action for their benefit. The plaintiff does not have standing to represent other patients. *See Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a non-attorney parent may not litigate the claims of their minor children in federal court, even where Virginia law permits the parent to assert the children's claims). *See also Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a *pro se* prisoner unassisted by counsel cannot be an advocate for others in a class action); *Frank Krasner Enter., Ltd. v. Montgomery Co., Md.*, 401 F.3d 230, 234-236 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing); *Inmates v. Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint as to Defendants Columbia Care Center and All Nurses on First Shift. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

s/Thomas E. Rogers, III

Thomas E Rogers III
United States Magistrate Judge

Florence, S. C.

May 12, 2009

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).